UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESSEX INSURANCE COMPANY,

    Plaintiff,

    v.

SEAGULF GROUP, LLC, a Washington limited liability company; SEATTLE CONSTRUCTION, a Washington corporation;, and HARBOR LANDING OWNERS ASSOCIATION, a Washington non-profit corporation,

    Defendants.

CASE NO. C07-0017RSM

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court for consideration of plaintiff's motion for summary judgment, together with defendants' motion for leave to file a supplemental memorandum clarifying the issues (Dkt # # 11, 34). The Court finds that the supplemental memorandum is an untimely addition to defendants' opposition to the motion for summary judgment, and the motion for leave to file it is DENIED. For the reasons set forth below, the motion for summary judgment (Dkt. # 11) shall be granted.

## BACKGROUND

    This suit arises from a dispute over insurance coverage for water damage to a condominium. The damage occurred as a result of water intrusion through leaks in the foundation, around the windows, and at the deck railings. Harbor Landing Owners Association sued developer SeaGulf Group, LLC

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 1

("SeaGulf") in state court, alleging breach of warranty in the construction of the condominium. Complaint, ¶ 3.1. Seattle Construction ("SeaCon") was the general contractor on the project. Complaint, ¶ 1.4. SeaGulf tendered its defense in that suit to Essex Insurance Company ("Essex"), under policies issued to SeaGulf in effect from July 1, 1999 to July 1, 2001. Complaint, ¶ 3.3. Essex defended under a "reservation of rights" clause. Essex asks in this lawsuit for a declaration that no coverage exists under the relevant policies, and that it has no further duty to defend. Complaint, ¶ 5.1. The defendants named are Harbor Landing Owners Association, SeaCon, and SeaGulf, but SeaCon has been dismissed from the action. Dkt. # 41. SeaGulf and Harbor Landing Owners Association settled their state court case on February 22, 2007. Dkt. # 30-2.

Plaintiff has moved for summary judgment, asking for a declaration that it has no duty to defend SeaGulf and no duty to pay on SeaGulf's behalf the claim asserted by Harbor Landing Owners Association. Plaintiff has opposed the motion, arguing that the policy at issue does provide coverage for the damage to the condominium. The parties are in agreement that the issue is one of contract interpretation, and there are no factual disputes which would preclude summary judgment.

The policy at issue is an "Owners and Contractors Protective Liability Coverage Form", providing "Coverage for Operations of [a] Designated Contractor". Declaration of Michael Calovich, Dkt. # 13, Exhibit 1, p. 14. The named insured on the policy is SeaGulf, as owner of the property upon which the condominium was to be built. *Id*., p. 5. A Designated Contractor Endorsement provides that coverage shall apply only to the designated contractor, "SeaCom" [sic]. *Id*., p. 7. A Specified Premises or Project Designation Endorsement provides that the insurance "applies only to losses arising out of . . . [t]he project shown in the Schedule." *Id.,* p. 13. The project designated on the endorsement is Harbor Landing Condominiums at Alki Beach, West Seattle. *Id*.

A Mandatory Endorsement attached to the policy states, under "Exclusions":

> Where there is no coverage under this policy, there is no duty to defend. This insurance does not apply to any claim, suit, cost or expense arising out of:
>
> . . . .

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 2

J. INDEPENDENT CONTRACTORS/SUBCONTRACTORS—CONDITIONAL:

(1) "Bodily injury," "personal injury" or "property damage" caused by acts of independent contractors/subcontractors contracted by you or on your behalf unless you obtain Certificates of Insurance from them providing evidence of like coverage and limits as provided by this policy. . . .

*Id.*, pp 10-11.

The relevant sections of the policy itself are set forth below.   The introductory paragraph states that throughout this policy, the words 'you' and 'your' refer to the named insured (SeaGulf), while the words "we", "us" and "our" refer to the company providing the insurance, Essex. *Id.*, p. 14.

SECTION I—COVERAGES—BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

. . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

    (a) Operations performed for you by the "contractor" at the location specified in the Declaration; or

    (b) Your acts or omissions in connection with the general supervision of such operations;  and

(2) The "bodily injury" or "property damage" occurs during the policy period.

. . . .

**2. Exclusions**

This insurance does not apply to:

. . . .

c. Work Completed or Put to Intended Use

    "Bodily injury" or "property damage" which occurs after the earlier of the following times:

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 3

(1) When all "work" on the project (other than service, maintenance or repairs) to be performed for you by the "contractor" at the site of the covered operations has been completed; or

(2) When that portion of the "contractor's "work", out of which the injury or damage arises, has been put to its intended use by any person or organization, other than another contractor or subcontractor working directly or indirectly for the "contractor" or as part of the same project.

. . . .

g.  Damage to Property

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Property loaned to you;

(3) Personal property in the care, custody or control of the insured; or

(4) "Work" performed for you by the "contractor".

. . . .

SECTION V – DEFINITIONS

. . . .

3. "Contractor" means the contractor designated in the Declarations.

. . . .

10. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . . .

14. "Work" includes materials, parts or equipment furnished in connection with the operations.

*Id.*, pp. 14-22.

Essex has moved for summary judgment, arguing three separate bases for the assertion that the

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 4

policy excludes coverage for the damage to the condominium: (1) the exclusion for "work" performed by the contractor in Section I, ¶ (2)(g)(4); (2) the exclusion for "work completed or put to intended use" under Section I, ¶(2)(c); and (3) the exclusion for property owned by SeaGulf under Section I, ¶ (2)(g)(1).[1] Defendants have opposed the motion in all respects.

## DISCUSSION

The interpretation of an insurance policy is a matter of law, and summary judgment is appropriate if the contract has only one reasonable meaning when viewed in light of the parties' objective manifestations. *Port of Seattle v. Lexington Insurance Company, et al.*, 111 Wash. App. 901, 907 (Wash. App. Div.II, 2002). The policy should be given a practical and reasonable interpretation. *Id.* at 908. Exclusionary clauses are to be construed strictly against the insurer. *Id.*

The exclusion for property damage to work performed for the insured by the contractor set forth in ¶ 2(g)(4) is straightforward and unambiguous. Defendants contend that this exclusion does not apply, because when read in connection with the ¶ J(1) exclusion in the Mandatory Endorsement, set forth above, the exclusion is nullified. Under ¶ J(1), coverage is excluded for damage caused by the acts of independent contractors or subcontractors, unless Certificates of Insurance were obtained from them. According to defendants' reasoning, since Certificates of Insurance were obtained, coverage cannot be excluded under ¶ 2(g)(4). Defendants' interpretation depends on the assumption that ¶ J(1) language grants coverage which cannot be taken away by ¶ 2(g)(4). This is an incorrect reading of the policy.

Under Washington law, exclusion clauses do not grant coverage; rather, they subtract from it. *Harrison Plumbing & Heating, Inc.*, 37 Wash. App. 621, 627 (Wash. App. Div. II, 1984). Thus, the exclusion of coverage under the Mandatory Endorsement where certificates of insurance are **not** provided did not enlarge upon the basic policy coverage to automatically grant coverage where the certificates **are** provided. *Id.* Each exclusion is to be read separately, and independent of the other. *Id.* Read this way, there is no ambiguity or conflict. Even when the exclusionary clause in ¶ 2(g)(4) is construed strictly

---

[1] Essex has also moved for summary judgment as to coverage owed to SeaCon. That issue has been resolved by settlement and shall not be addressed here.

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 5

against Essex, it clearly excludes coverage of damage to the contractor's "work", the condominium.

That finding alone would be sufficient for the Court to grant summary judgment to Essex, and grant the request for a declaration of no coverage. The Court notes, in addition, that the exclusion of coverage for "work completed or put to intended use" under ¶ 2(c) also appears to exclude coverage here. Defendants argue against application of this exclusion based on an incorrect interpretation of the definition of "work" as stated in ¶14 of the Definitions, Section V. Defendants argue that since "work" is defined as including materials, parts or equipment furnished in connection with the operations, that "work" necessarily excludes the finished condominium. *See*, Defendants' Opposition, p. 10. However, the policy language which includes materials, parts and equipment within the definition of "work" does not change the plain meaning of the word: that the contractor's "work" is all work performed under the contract to build the condominium, and includes materials, equipment, and the labor to put them in place to make a finished building. Assuming that the damaged areas of the condominium were already completed or put to use at the time the damage occurred, coverage would be excluded under ¶ 2(c) of the policy as well.[2]

Plaintiff has asserted a third basis for excluding coverage, namely the exclusion under ¶ 2(g)(1) for property owned by the insured. This argument is curious. According to plaintiff, under ¶ 2(g)(1) there was no coverage for damage that occurred during construction (while SeaGulf owned the condominium), and no coverage under ¶ 2(c) for the condominium building after it was completed or put to its intended use—meaning after the units were sold. In other words, there was no coverage at all. The Court declines to adopt this interpretation of ¶ 2(g)(1).

## CONCLUSION

The policy at issue here is a straightforward liability policy, protecting the owner of the property (SeaGulf) from liability for accidents caused by the operations of the contractor, SeaCon. That is what it states in Section I, ¶ (1)(b), set forth above, when read together with the definition of "occurrence" in Section V, ¶10. The policy is what a prudent property owner would purchase to cover liability for bodily

---

[2]The Court deems it unnecessary to make findings as to when the damage actually occurred, or when the building was put to its intended use, because the ultimate ruling of no coverage is actually based on the ¶ 2(g)(4) exclusion.

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 6

1  injury or property damage to third parties arising from activities on that property.  There is no language
2  whatsoever in the policy regarding construction defects, and no basis for finding that those defects were
3  caused by an "occurrence" within the meaning of Section I, ¶ 1(b).  ON the other hand, coverage of
4  damage to the contractor's "work" was explicitly excluded under ¶ 2(g)(4).  The Court has found, above,
5  that the contractor's "work" includes the entire building under construction, and is not limited to
6  materials, equipment and parts as defendants argue.

7  The parties have presented no issues of material fact, and the issue of policy coverage is capable of
8  resolution as a matter of law.  As set forth above, the Court finds that the unambiguous language of the
9  policy excludes coverage for damage to the "work" of the contractor, and thus excludes coverage for the
10 damage to the condominium.  Plaintiff has no duty to pay on SeaGulf's behalf the claims asserted by
11 Harbor Landing Owners Association.  Plaintiff's motion for summary judgment is accordingly
12 GRANTED, and this action is hereby DISMISSED.

13 DATED this 20th day of December 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 7